PARIENTE, J.,
concurring in result.
I do not fully concur in the majority opinion because in my view trial counsel was deficient for failing to adequately investigate Kilgore’s childhood and mental health history during the 1994 penalty phase. Thus, I do not agree that Bobby v. Van Hook, — U.S. —, 130 S.Ct. 13, 175 L.Ed.2d 255 (2009), is applicable to the deficiency prong of this claim.
As we have explained, “[A]n attorney has a strict duty to conduct a reasonable investigation of a defendant’s background for possible mitigating evidence.” Ragsdale v. State, 798 So.2d 713, 716 (Fla.2001) (quoting State v. Riechmann, 777 So.2d 342, 350 (Fla.2000)). In this case, trial counsel failed to conduct a reasonable investigation by failing to discover additional sources of mitigating evidence available concerning Kilgore’s childhood and mental health history, including evidence with regard to the time Kilgore was institutionalized at the Oakley Training School, where he experienced frequent beatings.
Nonetheless, I concur in the result reached by the majority because I agree that Kilgore failed to establish actual prejudice as to this claim.